SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV2007-04871
## Massachusetts v Equity Residential Managment LLC

| | | | | |
|---|---|---|---|---|
| **File Date** | 11/05/2007 | **Status** | Disposed: transferred to other court (dtrans) | |
| **Status Date** | 01/10/2008 | **Session** | E - Civil E, 3 Pemberton Sq, Boston | |
| **Origin** | 1 - Complaint | **Case Type** | D01 - Specific performance of contract | |
| **Track** | A - Average track | **Lead Case** | | **Jury Trial** Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 03/04/2008 | 12/29/2008 | 10/25/2009 | 11/24/2009 | | |
| **Filed By** | 02/03/2008 | 03/04/2008 | 04/03/2008 | 01/28/2009 | | 12/24/2009 | | 10/20/2010 |
| **Heard By** | | | 05/03/2008 | 01/28/2009 | | | 04/23/2010 | |

### PARTIES

**Plaintiff**
Commonwealth of Massachusetts
Active 11/05/2007

**Private Counsel 647238**
Sheilla Creaton Kelly
Mass Atty General's Office
One Ashburton Place
Boston, MA 02108
Phone: 617-727-2200
Fax:
Active 11/05/2007 Notify

**Defendant**
Equity Residential Managment LLC
Served: 12/10/2007
Served (answr pending) 12/17/2007

**Private Counsel 600362**
Christa von der Luft
Nutter McClennen & Fish
World Trade Center West
155 Seaport Boulevard
Boston, MA 02110-2604
Phone: 617-439-2000
Fax: 617-973-9748
Active 01/10/2008 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/05/2007 | 1.0 | Complaint filed with request for trial by jury |
| 11/05/2007 | | Origin 1, Type D01, Track A. |
| 11/05/2007 | 2.0 | Civil action cover sheet filed |
| 11/05/2007 | 3.0 | Plaintiff Commonwealth of Massachusetts's MOTION for appointment of Quinton Dale, Director as special process server allowed (Hines,J) |
| 12/17/2007 | 4.0 | SERVICE RETURNED: Equity Residential Managment LLC(Defendant) (certified mail on 12/17/07) |
| 01/10/2008 | | Copy of petition for removal to U. S. Dist. Court of Deft. Equity Residential Management LLC, U. s. Dist.#(108-CV-10002RCL). |
| 01/10/2008 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON
JAN. 15, 2008, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

### EVENTS

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                         CIVIL ACTION No.

                                                         07-4871-E

| COMMONWEALTH OF MASSACHUSETTS,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY RESIDENTIAL MANAGEMENT, LLC,<br><br>Defendant. |
|---|

**COMPLAINT**

2007 NOV -5 PM 4:23

### INTRODUCTION

The Commonwealth of Massachusetts, by and through its Attorney General Martha Coakley, brings this action pursuant to G.L. c. 151B, §§ 5 and 9, and G.L. c. 12, § 10 against Equity Residential Management Corp. ("Equity" or the "Defendant"), for unlawful housing discrimination on the basis of disability. The Defendant violated G.L. c. 151B, § 4 by denying a reasonable accommodation to James Lauper, a disabled person who requires two companion dogs, and refusing to rent him an apartment because of the property's no pet policy. The Commonwealth seeks injunctive relief and damages against the Defendant to redress its discriminatory practices.

### PARTIES

1. The Commonwealth of Massachusetts, through its Attorney General, is located at One Ashburton Place, Boston, Massachusetts.

2. Defendant Equity Residential Management Corp. is the managing agent for the owner of the Emerson Place Apartments, located at 5 Longfellow Place, Boston,

Massachusetts, which is a 444-unit apartment community. Equity's principal place of business is at Two North Riverside Plaza, Suite 400, Chicago, Illinois.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by G.L. c. 151B, §§ 5 and 9, and by its general equity powers set forth in G.L. c. 214, § 1.

4. Pursuant to G.L. c. 151B, § 5, venue lies in Middlesex County because it is the county in which the discriminatory and unlawful conduct occurred.

5. On March 26, 2007, James Lauper, filed a complaint with the Boston Fair Housing Commission ("BFHC") against the Defendant. The complaint was concurrently filed with the Massachusetts Commissions Against Discrimination and Department of Housing and Urban Development.

6. On September 12, 2007, BFHC issued a probable cause finding under City of Boston Code, Ordinances, Title 10, sec. 154 (1982), as amended by St. 1994, c. 37 and St. 1998, c. 165; and G.L. c. 151B, § 4, that the Defendant unlawfully discriminated against Mr. Lauper on the basis of his disability by failing to provide a reasonable accommodation.

## FACTS

7. James Lauper is a disabled man who suffers from a heart condition and diabetes. He requires two companion dogs. He is a recipient of Social Security Income ("SSI") and resides at 81 Orton Marotta Way, South Boston, Massachusetts.

8. In January 2007, Lauper noticed an advertisement for affordable apartment units at the Emerson Building, located at 5 Longfellow Place, Boston,

Massachusetts ("the Property"). The advertisement indicated that selection of tenants for units at the Property would be done by a lottery system.

9. Shortly thereafter, Mr. Lauper contacted the Defendant to obtain an apartment rental application for the Property. Mr. Lauper spoke with one of the Defendant's rental agents and informed her that he would like to apply to rent an apartment at the Property and that he was disabled and had two companion dogs. The agent informed Mr. Lauper that the Property had a strict no-pet policy that had been in place since 1998, but that his dogs would not be a problem.

10. Mr. Lauper filled out and submitted a rental application to the Defendant on January 25, 2007. On his application, Mr. Lauper indicated that he was a disabled person.

11. On or about February 1, 2007, approximately one day before the application deadline, another of Defendant's employee Kelly Wollinger, telephoned Mr. Lauper and left him a voicemail message stating that the Property's no-pet policy does not allow dogs and that Mr. Lauper would not be able to rent an apartment and that she was sorry.

12. On or about February 16, 2007, Mr. Lauper submitted to the Defendant a written request for a reasonable accommodation asking the Defendant to make an exception to the no-pet policy and allow Mr. Lauper to keep his companion dogs as a reasonable accommodation to his disability. Mr. Lauper's medical need for the dogs is supported by the letter from his physician, dated May 8, 2007.

13.  The Defendant failed to respond to Mr. Lauper's request for a reasonable accommodation and failed to provide him with any updates on the status of his application.

## STATEMENT OF CLAIMS

### Unlawful Housing Discrimination Based on Disability

14.  The Commonwealth of Massachusetts realleges and incorporates paragraphs 1 through 13.

15.  The property at 5 Longfellow Place, Boston, Massachusetts falls under the term "housing or housing accommodations" as defined in G.L. c. 151B, § 1(9).

16.  Mr. Lauper suffers from a disability that is a physical and psychological impairment that substantially limits one or more of his major life activities and is "handicapped" as defined in G.L. c. 151B, § 1(17).

17.  The Defendant did not process Mr. Lauper's application for rental and never responded to his request for reasonable accommodation, denying him such accommodation in violation of G.L. c. 151B, § 4.

18.  The Defendant engaged in discriminatory and unlawful conduct by refusing to rent to Mr. Lauper and failing to grant Mr. Lauper's request of reasonable accommodation.

## PRAYER FOR RELIEF

WHEREFORE, the Commonwealth of Massachusetts requests that this Court:

(a) Declare that the Defendant violated G.L. c. 151B, § 4;

(b) Enter a permanent injunction enjoining the Defendant from engaging in discriminatory acts or violating G.L. c. 151B, § 4;

(c) Order the Defendant to take affirmative steps to ensure that such unlawful and discriminatory conduct does not recur;

(d) Award compensatory, punitive, and exemplary damages to James Lauper.

(e) Award attorneys' fees and costs; and

(f) Order such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

I HEREBY ATTEST AND CERTIFY ON
JAN. 15, 2008, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

By the Plaintiff:

COMMONWEALTH OF MASSACHUSETTS

MARTHA COAKLEY
ATTORNEY GENERAL

Sheila Creaton Kelly BBO No. 647238
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200

Dated: November 5, 2007

5

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Suffolk | Docket Number<br>07-4871 -E |
|---|---|---|

PLAINTIFF(S): Commonwealth of Mass
DEFENDANT(S): Equity Residential Management, LLC

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: Sheila Creation Kelly - AAG - Office of Attorney General, 1 Ashburton Pl. Boston MA 02108  GA-727-2200
Board of Bar Overseers number: 647238

ATTORNEY (if known): Lisa Lieb, Equity Residential - Legal, 2 North Riverside Plaza, Suite 400, Chicago IL 60606

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript;relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: D99
TYPE OF ACTION (specify): Housing Discrimination
TRACK: (F)
IS THIS A JURY CASE? (✓) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $........
  2. Total Doctor expenses ................................................... $........
  3. Total chiropractic expenses ............................................. $........
  4. Total physical therapy expenses ........................................ $........
  5. Total other expenses (describe) ........................................ $........
    Subtotal $........
B. Documented lost wages and compensation to date ......................... $........
C. Documented property damages to date .................................... $........
D. Reasonably anticipated future medical and hospital expenses ............ $........
E. Reasonably anticipated lost wages ........................................ $........
F. Other documented items of damages (describe) ........................... $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL: $........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL  $........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Mandatory Housing Discrimination Case under 151B

Signature of Attorney of Record: [signature]   DATE: 11/5/07

A.O.S.C. 2003

I HEREBY ATTEST AND CERTIFY ON
JAN. 15, 2008 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                           SUPERIOR COURT
                                                       CIVIL ACTION No.
                                                       07-4871-E

COMMONWEALTH OF
MASSACHUSETTS,

    Plaintiff,

v.

EQUITY RESIDENTIAL MANAGEMENT,
LLC,

    Defendant.

11/5/07
Filed & Allowed
By The Court
(Hines, J.)
Attest:

## PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

Plaintiff, the Commonwealth of Massachusetts, respectfully moves this Court to appoint Quinton Dale, Director of the Investigation Division of the Attorney General's Public Protection Bureau, or his successor or designee, to serve the summons, complaint, and all other papers of this action upon the defendants. Quinton Dale, his successor, or his designee is a qualified person over the age of eighteen and is not a party in this action. As grounds for this motion, plaintiff states that the need for immediate service warrants this appointment.

I HEREBY ATTEST AND CERTIFY ON
JAN. 15, 2008, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

Dated: November 5, 2007

By the Plaintiff:
MARTHA COAKLEY
ATTORNEY GENERAL

Sheila Creaton Kelly (BBO No. 647238)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200

# Commonwealth of Massachusetts

4

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 07-4871-E

Commonwealth of Massachusetts_____, Plaintiff(s)

2007 DEC 17 PM 2:33

v.

Equity Residential Management, LLC._____, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant:  Equity Residential Management, LLC.

You are hereby summoned and required to serve upon  Sheila Creaton Kelly, Assistant Attorney General, Office of the Attorney General
plaintiff's attorney, whose address is One Ashburton Pl., Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand  2007 .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
JAN. 15, 2008, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *John A. Walsh*

ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 07-4871-E

Commonwealth of Massachusetts, Plff(s).

v.

Equity Residential Management, LLC, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on 12/10, 2007 I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Via Certified mail through the Long arm Statute
Delivering to Attorney Lisa Leib, Equity Residential
Management LLC 2 North Riverside Plaza Suite 400, Chicago, IL 60606
Signed for on 12/19/07 by C Hadden

Dated: 12/16/07, 2007.

[signature]
Investigator
Office of Attorney General

[redacted]

N.B. **TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| 12/10, 2007 |
|---|

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION No. 04-5100-H

COMMONWEALTH OF MASSACHUSETTS, )
                Plaintiff      )
                               )
vs.                            )
                               )
EQUITY RESIDENTIAL MANAGEMENT, LLC, )
                               )
                Defendant      )
                               )

## AFFIDAVIT OF SERVICE

I, Investigator Monique Cascarano, of the Investigations Division of the Public Protection and Advocacy Bureau of the Office of the Attorney General, state under oath that I served the Summons and Complaint in the above-captioned matter on defendant pursuant to Rule 4(d)(2) of the Massachusetts Rules of Civil Procedure as follows:

1. On Tuesday, December 4, 2007, I mailed a copy of the Summons and Complaint Return Receipt Requested to Attorney Lisa Leib, Equity Residential Management, LLC, 2 North Reiverside Plaza, Suite 400, Chicago, IL, 60606.

2. The Return Receipt (see attached) was returned to me on, Monday, December 17, 2007. C. Hadden signed for the package on Monday, December 10, 2007.

                                        FOR THE COMMONWEALTH

                                        MARTHA COAKLEY
                                        ATTORNEY GENERAL

By:     _____
                                        Monique Cascarano
                                        Investigator
                                        Investigations Division
                                        Public Protection and
                                        Advocacy Bureau
                                        Office of the Attorney General
                                        One Ashburton Place
                                        Boston, MA 02108
                                        (617) 727-2200

DATE: December 17, 2007



**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

**Important Reminders:**
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT:** Save this receipt and present it when making an inquiry. Internet access to delivery information is not available on mail addressed to APOs and FPOs.

PS Form 3800, June 2002 (Reverse)

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

Monique Casenave
[illegible]

*Suffolk Superior Civil # 07-4871*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ) ) Plaintiff, ) ) v. ) ) EQUITY RESIDENTIAL MANAGEMENT, LLC, ) ) Defendant. ) | NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1441, 1446, defendant Equity Residential Management, LLC ("Equity") removes the Massachusetts state court civil action, *Commonwealth of Massachusetts v. Equity Residential Management LLC*, Middlesex Superior Court, C.A. No. 07-4871-E, to this Court. Copies of all process, pleadings and orders served upon defendant are attached as Exhibit A. The state court action is removable to this court under 28 U.S.C. § 1441(a), diversity of citizenship. A more detailed statement of the grounds for removal follows:

1.  Lauper claims unlawful housing discrimination based on his alleged disability in violation of Mass. Gen. Laws ch. 151B, §§ 5, 9 and ch. 12, § 10. Lauper contends that he is disabled due to a heart condition and diabetes and requires two companion dogs and that Equity failed to respond to his application for an affordable rental unit at the Emerson Building at 5 Longfellow Place in Boston because of his alleged disability.

2.  Equity is a Delaware corporation with a principal place of business in Chicago, Illinois.



3. The Commonwealth seeks compensatory damages for Lauper arising out of the alleged discriminatory refusal to rent him an apartment, punitive damages, exemplary and attorneys' fees. There is thus more than $75,000 in controversy in this action.

3. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of this matter as a suit between citizens of different states with the amount in controversy exceeds $75,000.

4. Equity's Notice of Removal is filed within 30 days after receipt by Equity of the Commonwealth's Complaint.

WHEREFORE, Equity requests that this Court retain jurisdiction of this action under 28 U.S.C. §§ 1441, 1446.

EQUITY RESIDENTIAL MANAGEMENT, LLC,

By its attorneys,

/s Christa von der Luft
Christa von der Luft (BBO# 600362)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Date: January 3, 2008

1696715.1

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss | SUPERIOR COURT<br>C.A. No. 07-4871-E |

COMMONWEALTH OF MASSACHUSETTS, )
)
      Plaintiff, )
)
v. )
)
EQUITY RESIDENTIAL MANAGEMENT )   NOTICE OF NOTICE OF REMOVAL
LLC, )
)
      Defendant. )

Defendant Equity Residential Management LLC hereby files with the Clerk of this Court a copy of its Notice of Removal, attached hereto as Exhibit A, filed in the United States District Court for the District of Massachusetts on January 3, 2008.

                                EQUITY RESIDENTIAL
                                MANAGEMENT LLC,

                                By its attorneys,

                                */s/ Christa von der Luft*
                                Christa von der Luft (BBO# 600362)
                                Nutter, McClennen & Fish, LLP
                                World Trade Center West
                                155 Seaport Boulevard
                                Boston, MA 02210
                                (617) 439-2000

Date: January 9, 2008

1696861.1

## CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorneys of record for each party by mail/~~by hand~~
Date: 1/9/08 *Christa von der Luft*