UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 1:08 cv 10002-RCL |
| | ) | |
| v. | ) | |
| | ) | |
| EQUITY RESIDENTIAL MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER TO PLAINTIFF'S COMPLAINT

For its first defense, defendant Equity Residential Management, LLC, denies the

allegations in plaintiff's introductory paragraph and responds as follows to the correspondingly

numbered paragraphs of plaintiff's complaint as follows:

Parties

1.     Admitted.

2.     Admitted.

Jurisdiction and Venue

3.     This paragraph states a conclusion of law as to which no response is required.

4.     Equity denies that any discriminatory or unlawful conduct occurred.  The

remaining allegations contained in this paragraph state a conclusion of law as to which no

response is required.

5.     Admitted.

6.     Equity states that the finding issued by the Boston Fair Housing Commission

speaks for itself.  Equity denies the remaining allegations contained in this paragraph.

Factual Allegations

7.      Equity lacks sufficient knowledge or information to respond to the allegations contained in this paragraph.

8.      Equity lacks sufficient knowledge or information to respond to the allegations contained in this paragraph.

9.      Denied.

10.     Equity admits that Lauper submitted an application on approximately January 25, 2007 and states that the application speaks for itself.

11.     Equity admits that Kelly Wollinger, an employee of Equity, left Lauper a message stating that Emerson Place had a no-pet policy and that Lauper should contact Equity if he still wanted to pursue the rental application.  Equity denies the remaining allegations contained in this paragraph.

12.     Equity admits that Lauper forwarded a letter to Equity dated February 16, 2007 which speaks for itself.  Equity denies receiving a May 8, 2007 letter from Lauper's physician. Further answering, Equity states that upon receiving Lauper's letter, Equity left Lauper a message regarding Equity's willingness to work with him regarding his alleged need for companion animals but did not hear further from Lauper until receiving his charge of discrimination.

13.     Denied.

Count I – Unlawful Housing Discrimination Based on Disability

14.     Equity incorporates by reference its response to paragraphs 1 through 13 above.

15.     Admitted.

16.     Equity lacks sufficient knowledge or information to respond to the allegations contained in this paragraph.

17.     Denied.

18.     Denied.

## Plaintiff's Prayer for Relief

Equity denies that the Commonwealth is entitled to any of the relief requested.

## Second Defense

The Commonwealth's claims on behalf of Lauper are barred by Lauper's agreement to release Equity from such claims.

## Third Defense

The Commonwealth's claims are barred, in whole or in part, by Lauper's failure to mitigate his damages.

## Fourth Defense

The Commonwealth's claims are barred, in whole or in part, by Lauper's failure to satisfy the non-discriminatory rental criteria for renting an apartment from Equity.

## Fifth Defense

The Commonwealth's claims are barred, in whole or in part, by Lauper's failure himself to follow through with the rental application process.

WHEREFORE, Equity requests that this Court dismiss the Commonwealth's complaint, enter judgment in Equity's favor, and award such other relief as is just and proper.

EQUITY RESIDENTIAL MANAGEMENT, LLC,

By its attorney,

/s/ Christa von der Luft
Christa von der Luft (BBO#600362)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA  02210
(617) 439-2627

Date:  February 8, 2008

Certificate of Service

I, Christa von der Luft, hereby certify that on February 8, 2008, I caused a true copy of this document to be electronically served on all counsel of record.

/s/ Christa von der Luft
Christa von der Luft

1703959.1